IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN SPAETH,** | Case No. 1:21-cv-02160-PAB |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **TJM MEDICAL, INC., et al.,** | MEMORANDUM OPINION AND |
| **Defendants** | ORDER |

Currently pending is the Motion to Stay all Proceedings Pending Transfer to MDL No. 2244, filed by Defendants Medical Device Business Services, Inc. (f/k/a DePuy Orthopaedics, Inc.), Depuy Synthes Sales, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson (the "Removing Defendants") on November 12, 2021 (the "Motion to Stay"). (Doc. No. 8.) On November 19, 2021 Plaintiff John Spaeth ("Spaeth") filed an Opposition (Doc. No. 13), to which the Removing Defendants replied on November 26, 2021. (Doc. No. 15.) For the following reasons, the Motion to Stay is GRANTED.

I.      **Factual Background**

On March 4, 2021, Spaeth filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendants TJM Medical, Inc., Tom McTighe, and Thomas J. McTighe (the "Distributor Defendants"). (*See* Case No. CV 21 944785.) On October 6, 2021 Spaeth filed an Amended Complaint in state court that added the Removing Defendants. (Doc. No. 1-2.) The lawsuit involves an allegedly "defective metal on metal ('MoM') hip replacement system and components designed, manufactured, promoted, marketed, distributed, sold, serviced, and supported by [Removing Defendants], and promoted, marketed, distributed, sold, serviced, and supported by" the Distributor

Defendants. (Doc. No. 1-2 at ¶ 12.) "The particular system at issue in this case was marketed as the 'DePuy Pinnacle MoM hip replacement system'" (the "Pinnacle Cup System"). (*Id.* at ¶ 13.) Spaeth further alleges that the Removing Defendants "also previously designed and manufactured another MoM hip system called the Articular Surface Replacement, or 'ASR.' Both systems were made with articulating components made of the same or materially similar Cobalt Chrome alloy." (*Id.* at ¶ 14.) Spaeth alleges that the "Pinnacle and ASR systems and components, like all MoM implants, release toxic heavy metals into hip implant recipients' tissue, system, and bloodstream." (*Id.* at ¶ 25.) Spaeth was implanted with the Pinnacle Cup System and alleges that he "has suffered substantial injuries and damages due to the defects and unreasonable danger from the system." (*Id.* at ¶ 36.) In his Amended Complaint, Spaeth brings seven causes of action related to product liability under Ohio law. (*See id.* at ¶¶ 210-74.)

## II.     Relevant Procedural History

On November 12, 2021 Removing Defendants filed a Notice of Removal in this Court. (Doc. No. 1.) Therein, Removing Defendants assert that this case "is one of more than 5,000 similar cases currently pending around the country involving personal injury allegations by plaintiffs who were implanted with a Pinnacle Cup System." (Doc. No. 1 at ¶ 3.) On May 23, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing MDL No. 2244 in the U.S. District Court for the Northern District of Texas (the "MDL") for consolidation of cases involving the Pinnacle Cup System. (*Id.*) *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358 (J.P.M.L. 2011). On November 22, 2021 the JPML issued a Conditional Transfer Order (CTO-361) which identifies this case as a potential "tag-along" action to the MDL. (*See* Doc. No. 15-1.) On November 29, 2021 Spaeth filed a Notice of Opposition to the Conditional

2

Transfer Order with the JPML. (*See* Doc. No. 2503 on the MDL docket.) The MDL set a briefing schedule regarding the disputed transfer of Spaeth's case. (*See* Doc. No. 2507 on the MDL docket.) On December 16, 2021 the MDL issued a Hearing Order indicating that at the next hearing session of the JPML on January 27, 2022, Spaeth's Opposition to the transfer of his case to the MDL would be considered without oral argument. (Doc. No. 2516 on the MDL docket.) However, Spaeth acknowledges in a related Motion for Expedited Oral Argument that at "the next hearing of the [JPML] . . . Plaintiff's case faces an almost certain transfer to MDL-2244." (Doc. No. 14 at PageID# 782.)

On November 12, 2021—the same day that the Removing Defendants removed this case from state court—they filed the instant Motion to Stay. (Doc. No. 8.) Therein, Removing Defendants request that the Court stay all proceedings in this case pending its transfer to the MDL. (*Id.* at PageID# 566.) On November 19, 2021 Spaeth filed an Opposition to the Motion (Doc. No. 13), to which the Removing Defendants replied on November 26, 2021. (Doc. No. 15.)

Contemporaneous with filing his Opposition to the Motion to Stay, Spaeth also filed a Motion to Remand to State Court (Doc. No. 12) and a Motion for Expedited Oral Argument on the Motion to Remand. (Doc. No. 14.) Those two motions are also fully briefed. (*See* Doc. Nos. 16, 17, 19, and 20.) The Motion to Stay (Doc. No. 8), Motion to Remand (Doc. No. 12), and the Motion for Expedited Oral Argument (Doc. No. 14) are all ripe for decisions.

### III.   Standard of Review

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). "Such transfers shall be made by the judicial panel on multidistrict

3

litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* "While a transfer . . . is pending before the MDL Panel, a party may move the district court in which the pending action sits to stay proceedings." *Sciuva v. SpinalGraft Techs.*, No. 1:06-cv-216, 2006 WL 8447029, at *2 (N.D. Ohio Apr. 20, 2006).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "[T]he entry of such an order ordinarily rests with the sound discretion of the District Court." *Id.* "Courts consider three factors when determining whether to issue a stay of proceedings pending the JPML's decision on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Noble Cnty., Ohio by Noble Cnty. Comm'rs v. Cardinal Health*, No. 2:18-cv-1379, 2019 WL 311807, at *2 (S.D. Ohio Jan. 24, 2019) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997)). "When motions to stay and to remand are pending, 'deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Rifenbery v. Organon USA, Inc.*, No. 13-cv-05463, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014) (citation omitted).

IV.   **Analysis**

Spaeth argues that his pending "Motion for Remand should be ruled upon before any Motion for Stay because jurisdiction of the Court must be resolved as a threshold matter." (Doc. No. 13 at PageID# 770.) The Court finds that this argument lacks merit and notes that numerous courts have ruled on motions to stay pending a transfer to an MDL while a motion to remand was also pending. *See, e.g.*, *Shattuck v. A1A, Inc.*, No. 2:21-cv-00945, 2021 WL 3856067, at *2 (W.D. Wash. Aug. 30, 2021) (There is "a long list of DePuy-related cases in which district courts . . . around the country have granted stays pending a JPML decision. . . . Notably, several of the cases . . . stayed remand motions involving allegations of fraudulent joinder."). Accordingly, the Court will not address the Motion to Remand before addressing the Motion to Stay. The Court will therefore evaluate the three factors utilized in analyzing a motion to stay.

    **A.**    **Judicial Resources**

The first factor evaluates "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated." *Noble Cnty.*, 2019 WL 311807, at *2. As to the first factor, Removing Defendants argue that a stay would maximize efficiency. (Doc. No. 8-1 at PageID# 571.) They maintain that "[a]llowing an action that overlaps with other cases that are part of an MDL proceeding" to continue while the JPML makes a determination on transfer would undermine the explicit purpose of multidistrict litigation, i.e., "to coordinate the pretrial management of actions sharing common issues in a 'just and efficient' manner." (*Id.* (citing 28 U.S.C. § 1407(a).) Removing Defendants argue that granting a stay "will conserve the Court's resources and prevent duplicative discovery and pretrial management efforts" and "will avoid the possibility of 'inconsistent rulings' regarding jurisdictional and other cross-cutting issues." (*Id.* at PageID# 572.)

In Opposition, Spaeth argues that judicial economy weighs in favor of ruling on remand prior to the Motion to Stay. (Doc. No. 13 at PageID# 777.) For example, Spaeth argues that if the case is transferred to the MDL with the Motion to Remand still pending, then the MDL court in the Northern District of Texas would be required "to make an individualized assessment of Plaintiff's Motion for Remand," and that "such an analysis is easier and more efficiently performed by a federal court in Ohio than a federal judge or special master in Texas." (*Id.* at PageID# 778.) Spaeth maintains that efficiency would be better served by this Court first ruling on the Motion for Remand prior to January 30, 2022, when the case will likely be transferred to the MDL, and has filed a Motion for Expedited Oral Argument or, in the alternative, expedited ruling on the papers. (*Id.* at PageID# 780; *see* Doc. No. 14.)

The Court finds that this factor weighs heavily in favor of a stay. "Staying this action pending the MDL Panel's decision concerning [transfer] will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings." *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012). This Court agrees with the decisions of "numerous courts [that] have granted stays for judicial economy reasons, in the face of pending remand motions, in cases involving the DePuy Pinnacle." *Id.*

### B.   Hardship and Inequity to the Moving Party

The second factor the Court evaluates is "hardship and inequity to the moving party if the action is not stayed." *Noble Cnty.*, 2019 WL 311807, at *2. Removing Defendants argue that if Spaeth were permitted to go forward in this Court pending the transfer to the MDL, "[D]efendants would be required to litigate the same complex issues in this Court that will likely be later litigated in the MDL

6

court." (Doc. No. 8-1 at PageID# 573.) In Opposition, Spaeth argues that Removing Defendants would suffer no prejudice if the Motion to Stay were denied and the Court were to rule on remand. (Doc. No. 13 at PageID# 777.) Spaeth argues that the Removing Defendants "are required to brief the remand issues currently pending before this Court regardless of transfer." (*Id.*) Spaeth also seeks to discredit the Removing Defendants' argument that there is a risk of duplication and inconsistent rulings by asserting that all "pre-trial work[-]up in the MDL has been completed and bellwether trials have taken place. The[r]e is no risk of inconsistent rulings." (*Id.*)

The Court finds that the second factor also weighs in favor of granting a stay. "[T]he court must also consider the prejudice that could accrue to the defendants . . . if a stay is not granted pending the MDL Panel's ruling. . . . [D]enying a stay could compel both parties to engage in duplicative litigation." *Robinson*, 2012 WL 831650, at *3. Like other courts that have ruled on stays pending transfer to this same MDL, the Court "finds that considering Plaintiff's remand motion before the JPML transfer decision would present a serious risk of inconsistent judgments and duplicative litigation." *Shattuck*, 2021 WL 3856067, at *3; *see also Lyon v. DePuy Orthopaedics, Inc.*, No. 19-cv-05270, 2019 WL 4933586 (N.D. Cal. Oct. 7, 2019). The hardship and inequity that would result to the Removing Defendants if a stay were *not* granted counsels in favor of a stay.

C.   **Potential Prejudice to the Non-Moving Party**

Lastly, the Court evaluates the potential prejudice to the non-moving party. *See Noble Cnty.*, 2019 WL 311807, at *2. Removing Defendants argue that Spaeth would only "suffer minimal – if any – prejudice from a slight delay in prosecution of his case" if a stay were granted. (Doc. No. 8-1 at PageID# 574.) Moreover, Removing Defendants assert that whatever short delay Spaeth would

7

suffer "would be outweighed by the benefits all the parties would receive from coordinated discovery and motion practice in the MDL proceeding." (*Id.*)

In Opposition, Spaeth argues that he would be prejudiced by the Court's ruling on the Motion to Stay without first resolving the Motion to Remand because the Court would be "impermissibly exercising 'hypothetical jurisdiction' and exceeding its authority." (Doc. No. 13 at PageID# 776.) Further, Spaeth argues that there is prejudice of indefinite delay should the case be stayed and transferred to the MDL without this Court ruling on remand. Spaeth asserts that he "is at risk of being subject to onerous and dispositive case management orders in the MDL while [he] awaits a ruling on remand, indefinitely." (*Id.* at PageID# 780.)

The Court finds that the third factor is neutral and therefore does not weigh against granting a stay. The Court rejects Spaeth's argument of prejudice due to "hypothetical jurisdiction" from ruling on the Motion to Stay prior to addressing remand, as discussed *supra*. As to Spaeth's claimed prejudice from being subject to the MDL, the Court finds—as at least one other court has in the DePuy litigation—that "being forced to comply with the 'onerous requirements' of the MDL's case management[] orders [] is not within this Court's control. To the extent [Spaeth] has colorable arguments that transfer would be unduly burdensome, he can present those arguments to the JPML in opposing transfer." *Shattuck*, 2021 WL 3856067, at *3. Indeed, Spaeth has already filed his Notice of Opposition to the Conditional Transfer Order with the MDL court (Doc. No. 2503 on the MDL docket) and that court has set a briefing schedule on that issue. (*See* Doc. No. 2507 on the MDL docket.) Moreover, Spaeth's Opposition to the transfer of his case to the MDL will be considered on the briefing at a January 27, 2022 panel hearing by the JMPL. (*See* Doc. No. 2516 on the MDL docket.) The Court concludes that, on balance, the three factors weigh in favor of granting a stay of

the case pending its transfer to the MDL. In addition, the pending Motion for Expedited Oral Argument (Doc. No. 14) requests this Court to hold expedited oral argument on the merits of Spaeth's Motion to Remand. Because the Court stays this case and reserves ruling on the Motion to Remand, the Court shall deny Spaeth's Motion for Expedited Oral Argument (Doc. No. 14) without prejudice.

V.     **Conclusion**

For the reasons set forth above, the Removing Defendants' Motion to Stay (Doc. No. 8) is GRANTED. Spaeth's Motion for Expedited Oral Argument (Doc. No. 14) is DENIED WITHOUT PREJUDICE. The Court STAYS this case pending further action from the JPML regarding potential transfer of this case to MDL No. 2244.

**IT IS SO ORDERED.**

Date:  December 16, 2021

 _s/Pamela A. Barker_
PAMELA A. BARKER
U.S. DISTRICT JUDGE

9